IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COREY VENET,

Plaintiff,

v.

FRANK BISIGNANO,[1]
Commissioner of the Social Security Administration,

Defendant.

OPINION and ORDER

25-cv-269-jdp

---

Plaintiff Corey Venet seeks judicial review of a final decision of defendant Frank Bisignano, Commissioner of the Social Security Administration, finding that Venet was not disabled within the meaning of the Social Security Act. Venet contends that Administrative Law Judge (ALJ) Christopher Ambrose failed to adequately assess his subjective complaints and failed to explain how he considered Venet's avascular necrosis in determining his residual functional capacity. The court agrees with Venet on both counts, so it will remand this case to the agency for further proceedings.

## BACKGROUND

Venet applied for disability benefits, alleging disability beginning December 1, 2021. R. 255.[2] Venet's date last insured was December 31, 2022. R. 19. The ALJ found that Venet suffered from the following severe impairments as of the date last insured: degenerative disc

---

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. *See* Fed. R. Civ. P. 25(d).

[2] Record cites are to the administrative transcript located at Dkt. 2.

disease post lumbar fusion surgery, high blood pressure, and peripheral neuropathy. R. 22–23. The ALJ determined that Venet had the residual functional capacity (RFC) to perform light work with additional restrictions that are not relevant to this appeal. R. 26. Relying on the testimony of a vocational expert, the ALJ found that Venet was not disabled because he could perform jobs that exist in significant numbers in the national economy, such as routing clerk, sales attendant, and marker. R. 33.

Venet now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

## ANALYSIS

Venet challenges the ALJ's decision on two grounds. First, Venet contends that the ALJ failed to adequately explain why he rejected Venet's statements about the limiting effects of his symptoms. Second, Venet contends that the ALJ failed to account for his avascular necrosis of the right hip in determining his functional limitations.

### A. Subjective symptoms

Venet asserts that the ALJ disregarded his statements about his symptoms without adequate explanation. Venet focuses primarily on two statements that he made at his administrative hearing. First, Venet said that he could lift no more than 10 to 15 pounds on

an occasional basis because of his back pain and other symptoms. R. 104. Second, Venet said that he was able to stand or walk for only about 10 to 15 minutes before needing to sit down, R. 105, and that he spent three to five hours a day lying in a recliner. R. 114.

The commissioner doesn't dispute that Venet would qualify as disabled if the ALJ had credited his testimony on these issues. If Venet could not lift more than 15 pounds or stand for more 15 minutes at a time, he would be precluded from doing light work. *See* SSR 83-10 (light work requires lifting up to 20 pounds occasionally and standing or walking up to six hours per day). Under the Social Security regulations, a claimant of Venet's age is classified as disabled if he is limited to sedentary work and has no past relevant work or transferable skills. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.12; 201.14.

The key question on appeal is whether the ALJ adequately explained his reasons for refusing to fully credit Venet's statements about his symptoms. Social Security regulations instruct ALJs to evaluate the credibility of a claimant's reported symptoms by considering a variety of factors, including treatment history, daily activities, and consistency with the rest of the medical evidence. 20 C.F.R. § 404.1529(c)(2). The standard for reviewing an ALJ's credibility assessment is deferential. *Schomas v. Colvin*, 732 F.3d 702, 708–09 (7th Cir. 2013). But the ALJ has to explain his reasons for discrediting a claimant's testimony to allow for meaningful review on appeal. *Grotts v. Kijakazi*, 27 F.4th 1273, 1278–79 (7th Cir. 2022) (ALJ must provide "specific reasons supported by the record" to support his credibility assessment); *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (same). The ALJ did not comply with that basic requirement in this case.

After finding that Venet's statements about his symptoms were "not entirely consistent with the medical evidence and other evidence in the record," the ALJ provided a two-page

summary of the medical records, some that showed pathologies consistent with Venet's reported symptoms and others that showed unremarkable findings. R. 26–28. But the ALJ didn't explain what conclusions he drew from these medical records or why he believed that they supported or undermined Venet's statements about his symptoms. That's enough on its own to justify remand. *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) (an ALJ's reasons for discrediting a claimant's statements may not be implied).

The commissioner asserts that the ALJ rejected Venet's statements about his symptoms because they were inconsistent with Venet's medical exams and his reported daily activities. The commissioner is correct that medical exams or daily activities inconsistent with a claimant's reported limitations can be valid reasons for declining to credit a claimant's testimony. *See Bakke v. Kijakazi*, 62 F.4th 1061, 1069 (7th Cir. 2023); *Baptist v. Kijakazi*, 74 F.4th 437, 445 (7th Cir. 2023); *Deborah M. v. Saul*, 994 F.3d 785, 790 (7th Cir. 2021). But they are not sufficient reasons for rejecting Venet's statements here, because the ALJ did not explain why he believed that Venet's medical exams and daily activities were inconsistent with his reported limitations, and it is not otherwise obvious.

As for the medical exams, the ALJ noted that Venet had normal muscle strength, sensation, range of motion, and gait during some (but not all) of his medical exams in 2022. R. 27. An exam finding showing normal muscle strength might contradict Venet's statement that he couldn't lift more than 15 pounds on an occasional basis. But none of the exam findings contradict Venet's statement that his back pain prevented him from standing or walking for more than 15 minutes at a time.

As for Venet's daily activities, the ALJ noted that Venet told his therapist in July 2022 that he had been "keeping busy with outside activities such as lawn and garden," that he had

been "trying to get in fishing," and that he "went out and did some odd jobs for some extra money." R. 1602. The ALJ also noted that Venet had gone canoeing in September 2022. R. 1533. The ALJ concluded that these activities "suggest [Venet] retained functional abilities." R. 28. But it's not clear why the ALJ thought that these activities were inconsistent with Venet's reported difficulties lifting objects more than 15 pounds or standing for more than 15 minutes at a time. As for Venet's "outside activities," Venet testified at the administrative hearing that it takes him 25 to 30 minutes to mow his lawn, but that he has to "stop half way in between and sit down," R. 113, which is consistent with his reported difficulties standing for more than 15 minutes. As for the "odd jobs," Venet explained at the hearing that he did some basic electrical work such as fixing a light switch or a broken fan, R. 111, which also wouldn't necessarily require lifting more than 15 pounds or standing for more than 15 minutes. And as for fishing and canoeing, these are both activities that can be done while sitting. Canoeing would require lifting more than 15 pounds if Venet had lifted his own canoe in and out of the water. But at the administrative hearing, Venet said that "someone helped [him]" do that and the ALJ did not ask for further clarification about what that meant. R. 110. Venet also said that his single attempt to canoe in September 2022 was a "mistake [he] wouldn't be getting back into" because it had made his back pain worse. R. 111.

In sum, Venet's reported symptoms do not appear to be inconsistent with the medical evidence that the ALJ reviewed or with Venet's reported daily activities. It is not clear why the ALJ found Venet's testimony non-credible and the ALJ did not provide a cogent explanation in his decision. The court will remand the case so that the ALJ can further consider Venet's reported symptoms.

**B. Avascular necrosis**

Venet also contends that the ALJ failed to account for his avascular necrosis of his right hip, which Venet says exacerbates his back pain. The ALJ acknowledged that Venet suffered from avascular necrosis but concluded that it was not a severe impairment. R. 23. Nevertheless, as Venet points out, the ALJ was required to consider functional limitations caused by both severe and non-severe impairments in crafting his RFC. *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010). "A failure to fully consider the impact of non-severe impairments requires reversal." *Id.* (citing *Golembiewski v. Barnhart,* 322 F.3d 912, 918 (7th Cir. 2003)).

Venet's arguments about the ALJ's failure to account for his avascular necrosis dovetail with his arguments about the ALJ's failure to consider his subjective symptoms. Venet testified at the administrative hearing that he has pain in his right hip that "affects his back" and, in turn, affects his ability to stand for extended periods of time. R. 101. The court is remanding this case so the ALJ can reconsider Venet's statements that he is unable to stand for extended periods of time. When he does so, the ALJ will also have to reconsider Venet's statements that his hip pain also affects his ability to stand.

ORDER

IT IS ORDERED that the decision denying disability benefits to plaintiff Corey Venet is REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered September 11, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge